Argued November 1, affirmed December 3, 1973

COLUMBIA COUNTY, *Respondent, v.*
NELSON ET UX, *Appellants.*

516 P2d 100

*David B. Williamson,* St. Helens, argued the cause for appellants. With him on the brief were Williamson & Whipple, St. Helens.

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Plaintiff county brought this condemnation proceeding against defendants to acquire in fee simple a strip of land 20 feet wide along the south side of defendant's property for the purpose of widening an existing county road. Defendants in their answer alleged that the value of the property taken was $680 and that they had suffered consequential or severance damage of $2,500 to the remainder of their property.

Plaintiff's evidence was that the value of the strip taken was between $550 and $650, and that there was no severance damage. Both defendants testified that the value of the strip was $830. Defendants' sole value witness testified that the value was $680. The jury awarded defendants $830.

Defendants appeal from the judgment contending that the court erred in giving the following instruction:

"Now during the trial of this case, testimony has been admitted concerning specific items of damage which the defendants claim depreciate the fair cash market value of their remaining land. Testimony has also been received as to the dollar amount of damage attributable to those specific items.

"In this regard you are not allowed to assign separate values to items or amounts of damage and add them up to arrive at the depreciation to the remainder of the defendants' land.

"You may consider specific items or amounts of damage only to the extent that they actually affect the fair cash market value of the defendants' remaining land and only as a part of your over-all deliberation to determine the depreciation as a whole."

Defendants contend that the above instruction was hypothetical, improper and misleading, and that it

gave the jury the erroneous impression defendants could not be granted severance damages.

As our Supreme Court said in *Denton v. Arnstein,* 197 Or 28, 54, 250 P2d 407 (1952):

"* * * [I]nstructions of a trial court must be viewed as a whole, and when they are substantially correct and could not have misled the jury to appellant's prejudice, a judgment will not be reversed because one instruction when considered alone may be subject to criticism * * *."

Contrary to defendants' contention, an examination of the court's instructions in the case at bar discloses that there were at least four instances where the court stated that severance damage was an issue in the case and one to be decided by the jury. Defendants have no cause for complaint on this ground.

The challenged instruction (Uniform Jury Instruction No. 190.14) was proper in view of the pleadings and evidence making severance damage an issue in the case. *Pape et al. v. Linn County,* 135 Or 430, 296 Or 65 (1931); *State Highway Com. v. Bailey et al,* 212 Or 261, 288, 319 P2d 906 (1957). There was testimony regarding specific items of damage which defendants claimed depreciated the remainder of their land. Mr. and Mrs. Nelson testifying in their own behalf averred that the 'severance damage' included loss of play and garden area, loss of landscaping and trees, flowers and shrubs, vibration and noise from increased truck traffic, and possible danger from a power transmission line that was moved closer to their home. One of plaintiff's appraisers valued the lawn, bushes and shrubs taken at $40.

Defendants' appraiser testified as to a specific item of $2,500 "damage" to the remainder of the prop-

erty, which he said was the estimated cost of moving defendants' home a short distance back from the road.

For the reasons above stated we hold that the court did not err in giving the challenged instruction.

Affirmed.